UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
In re:

TENG K, Inc. d/b/a Via Dei Mille
     f/d/b/a K Sushi                             Chapter 11
                                                              Case No.
                                 Debtor.
-------------------------------------------------------X

## **DEBTOR'S AFFIDAVIT PURSUANT TO LOCAL RULE 1007-2**

STATE OF NEW YORK    )
                                ) ss.:
COUNTY OF NEW YORK   )

    Charles DiNicolas, being duly sworn, deposes and says:

    1. I am the President of Teng K, Inc. the debtor and debtor-in-possession herein and the sole shareholder.

    2. Exhibit "A" is attached to the Petition and made a part of this Affidavit. Set forth in Exhibit " is a summary of debtor's assets and liabilities.

    3. There were no committees organized prior to the entry of the order for relief in this case.

    4. The information required by Local Rule 1007-2(a)(4) with respect to Debtor's 20 largest unsecured creditors is set forth on the list of Creditor Holding 20 Largest Unsecured Claims attached to the Petition and Schedules filed contemporaneously herewith

    5. There are one hundred shares of common stock outstanding and all of the outstanding shares of the Debtor are held by Charles DiNicolas. No shares are publicly held.

    6. The debtor is currently occupying space for the operation of its business at 357 West Broadway, New York, New York pursuant to a lease with 357 W Broadway AA LLC ("Landlord").

Debtor has a leasehold interest in the premises where until January 2011, 212 Management Group operated Via Dei Mille, a restaurant.

7. Upon information and belief, there are no legal actions pending against the Debtor at this time.

8. The Debtor's principal place of business and its books and records are located at 357 West Broadway, New York, New York. There are assets located at the same premises.

9. The Debtor does not anticipate any income in the next thirty days except, possibly the pass through of rent from 212 Management Group, if any. Debtor does not anticipate any wages or benefits in the next thirty days.

10. Debtor does not expect to pay any officer's salary in the thirty days following the filing of these schedules.

11. Charles DiNicolas is the president of the Debtor, Teng K, Inc. which is a New York corporation, has been in existence since 2006. Debtor previously operated a sushi restaurant at the premises under the name K Sushi. In or about, August 2008 the debtor entered into an operating agreement with 212 Management Group (212), to operate an Italian restaurant, which it had been managing until January 2011. 212 attempted to obtain a new lease for the premises and whether the lease was issued is in dispute. The Landlord issued a Notice to Cure against the debtor which now requires additional time to cure the monetary issues.

12. The Debtor and 212 encountered financial difficulties because of the vacatur of the Debtors liquor license. 212 had secured a new purchaser for the business which would have resolved the Debtors financial problems, however, the landlord interfered with the contract and prevented the deal from closing. Debtor will be able to resolve its financial issues and other problems with the

lease if the transaction is allowed to proceed.

13. Upon information and belief there are no secured creditors.

14. Debtor reasonably believes that it will be able to reorganize and pay all of its outstanding obligations.

                                                                s/ Charles DiNicolas_____
                                                               Charles DiNicolas, President

Sworn to before me on this
28th day of March 2011

s/ Joseph L. Fox
Notary Public
State of New York, Queens County
No. 41-02FO4802011
Expires 12/31/13

Schedule of Income and Expenses

Income:

From 212 for Rent                               $Undetermined

Rent:

To 357 W Broadway AA LLC                        $21, 382.00